UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUNICE WELLS, et al,                              :

               Plaintiffs                      :

      vs.                                          :    Case Number: 1:00CV00760(LFO)(DAR)

ALLSTATE INSURANCE COMPANY,            :

     and                                           :

ALLSTATE INDEMNITY COMPANY,             :

           Defendants                     :

SECOND (2nd) AMENDED COMPLAINT
CLASS ACTION COMPLAINT
(Negligence - Damages - Personal Injuries
Uninsured Motorist Claim - Violation of The Consumer Protection Procedures Act)

Jurisdiction is conferred by virtue of the 28 U.S.C. §1332(a) and 28 U.S.C. §1332(c)(1), and for a Second Amended Complaint herein, plaintiffs respectfully represents as follows: Defendant has filed a Notice of Removal from the Superior Court of the District of Columbia where plaintiffs' original Complaint was originally filed and designated as *Eunice Wells, et al vs. Allstate Insurance Company,* Superior Court of the District of Columbia, Civil Action No.: 00-0002269, Calendar #5, Judge Bartnoff.

FACTUAL BACKGROUND APPLICABLE

TO ALL PLAINTIFFS (Rule 23-I(a), S. Ct. of D.C.)

1.     The present action is being brought upon behalf of the plaintiff and upon behalf of an as yet unknown number of policyholders and beneficiaries of motor vehicle liability insurance policies sold, delivered or interpreted pursuant to the laws of the District

LAW OFFICES
SACKS & CHAPIN, P.C.
748 EXECUTIVE BUILDING
1030 FIFTEENTH STREET, N.W.
WASHINGTON, D.C. 20005
(202) 659-1200

-2-

of Columbia, or were otherwise covered pursuant to the terms of said contracts of insurance.

    2.      Any motor vehicle liability insurance policy sold within the District of Columbia since September 18, 1982, unless otherwise exempted by applicable law, requires mandatory uninsured motorist protection in the amounts of not less than $25,000.00, per person injured in any one (1) accident, or $50,000.00, for all persons injured in any 1 accident, and coverage for property damage in an amount of $5,000.00 for property damage in any 1 accident for the protection of persons insured pursuant to said policies who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. (§35-2106, District of Columbia Code).

    3.      The rationale for mandatory uninsured motorists provisions was a Finding by the District of Columbia City Council that at the time of enactment of the "Compulsory/No-Fault Motor Vehicle Insurance Act of 1982", that "approximately 40% of the operators [of motor vehicles] in the District do not maintain any motor vehicle insurance or have other financial resources to pay losses" (§35-2101(a)(2)(B), D.C. Code).

    4.      The purpose of the uninsured motorist coverage was to permit a recovery of monies by injured persons from their own insurers when it was determined that an allegedly responsible motorist lacked insurance, or in the instance of a so-called "hit and run" accident where the allegedly responsible party could not be identified.

    5.      All plaintiffs herein, including the individual plaintiff, either purchased uninsured motorist coverage from defendants Allstate Insurance Company and/or Allstate Indemnity Company, (hereinafter referred to collectively as either "defendants" or "Allstate"), as part of their motor vehicle insurance contract with defendants, or were

LAW OFFICES
SACKS & CHAPIN, P.C.
746 EXECUTIVE BUILDING
1030 FIFTEENTH STREET, N.W.
WASHINGTON, D.C. 20005
—
(202) 659-1200

-3-

beneficiaries of said policies.

 6. All plaintiffs herein, including the plaintiff, were involved in an accident or incident involving an uninsured tortfeasor, or were the victims of a so-called "hit and run" accident where the allegedly responsible tortfeasor was never identified.

 7. Defendants negligently, intentionally, maliciously, wantonly and without regard to the well being of the plaintiffs herein, either denied the claims, in whole or part, or refused to promptly and fairly provide uninsured motorist benefits to plaintiffs requiring them to retain counsel and institute expensive and time consuming litigation in order to protect their rights.

 8. By information and belief, defendants have, and continue to engage in unfair and deceptive business practices and deal unfairly and unreasonably with injured or disadvantaged plaintiffs.

<u>CLASS ACTION ALLEGATIONS</u>

 9. Plaintiff, upon her own behalf, and upon behalf of a class of those similarly situated, pursuant to Rule 23-I(a), Superior Court of D.C. - Civil Rules, asserts the following allegations:

 a) Upon information and belief, the class is so numerous that joinder of all of the members in a single action would be impracticable. By information and belief, members number in the hundreds, and perhaps in the thousands, the identity of the class members are naturally known to defendant.

 b) There are questions of law and fact common to the class, which include, but are not necessarily limited to all of the factual allegations as set forth *supra*, but include and are not limited to a common plan or scheme of unnecessarily and repeatedly utilizing

LAW OFFICES
SACKS & CHAPIN, P.C.
748 EXECUTIVE BUILDING
1030 FIFTEENTH STREET, N.W.
WASHINGTON, D.C. 20005
(202) 659-1200

-4-

vexatious and unreasonable delays in settling claims, advertising at length, locally as well as nationally, with misleading and factually incorrect allegations which tend to deceive and mislead.

c)    The named plaintiff, and those to be joined herein, are adequate representatives of the interests of the class members in that she will vigorously pursue this action on behalf of the entire class, she has no conflict of interest among those who will constitute the class, and her interests are completely consistent with those of the class, and she has retained qualified counsel to represent herself and the class.

d)    Questions of law and fact claimed to be common to the class include, but are not limited to a breach by defendant to its applicable duties of care and vexatious and unreasonable delays and simple refusal to reasonably compensate injured parties who are first-party insureds and pay a premium to defendant believing that they have purchased "protections" and not a law suit.

<u>COUNT I</u>

1.    On or about Friday, January 2, 1998, at approximately 7:55 P.M., plaintiff, Eunice Wells, was a pedestrian crossing in the crosswalk from the southwest corner to the northwest corner of Warder Street, N.W., near Park Road, N.W., Washington, D.C., when suddenly and without warning she was struck by a motor vehicle traveling westbound on Park Road, N.W., Washington, D.C.   The operator of the allegedly responsible motor vehicle exited same, inquired of the plaintiff as to her injuries, then immediately returned to his vehicle and fled the scene of the accident failing to make his identity known; said collision being the direct result of the sole negligence and carelessness of the unknown and fleeing motorist, and his violation of the Traffic Regulations of the District of Columbia.

LAW OFFICES
SACKS & CHAPIN, P.C.
748 EXECUTIVE BUILDING
1030 FIFTEENTH STREET, N.W.
WASHINGTON, D.C. 20005

(202) 659-1200

-5-

2.    That as a result of the negligence and carelessness of the said unknown motorist, plaintiff, Eunice Wells, sustained serious, multiple and painful injuries, including but not necessarily limited to comminuted fractures of her right proximal tibia requiring surgery and large expenditures of money for her necessary medical care and treatment, and was precluded from pursuing her usual occupation.

4.    That plaintiff, Eunice Wells, will in the future, be required to expend large additional sums of money for her continuing necessary medical care and treatment, she has suffered permanent injuries as a result of the subject collision, and will be further precluded from pursuing her usual occupation.

5.    That as aforesaid, said collision was the direct result of the sole negligence and carelessness of an unknown motorist. That at the time of the said collision, there was an automobile liability insurance policy in effect by and between the plaintiff and the defendants herein, pursuant to policy number 628924416, which among other things provided for Uninsured Motorist coverages which would apply under the circumstances presented in the instant matter.

6.    That at the time of the said collision, and at the present time, defendants, Allstate, sold, continues to sell insurance, and does other business within the District of Columbia and other places. Although the plaintiff, sustained more than $7,715.36, in medical expenses, coupled with approximately $11,040.00, in loss of earnings, and a permanent injury to her right leg, with a maximum uninsured benefit of $25,000.00, she has made claim with the defendants, in accord with the policy being in effect for benefits pursuant to the Uninsured Motorist provisions contained in said policy; defendant, Allstate has failed and refused to compensate plaintiff for her serious and multiple losses.

LAW OFFICES
SACKS & CHAPIN, P.C.
748 EXECUTIVE BUILDING
1030 FIFTEENTH STREET, N.W.
WASHINGTON, D.C. 20005
(202) 659-1200

-6-

WHEREFORE, plaintiff, Eunice Wells, demands judgment against the defendant, Allstate Insurance Company, in the sum of **TWENTY FIVE THOUSAND ($25,000.00) DOLLARS**, plus interest from the date of Judgment, and the costs of this action.

### COUNT II

1.    Defendants, Allstate Insurance Company, and Allstate Indemnity Company, (again hereinafter referred to collectively as either "defendants" or "Allstate") by information and belief, sell automobile liability insurance, which includes uninsured motorist benefits as are being claimed herein, within the District of Columbia, as well as throughout the United States of America.

2.    Defendants have, prior to the subject collision, and continue, by information and belief, to advertise the sale of automobile liability insurance policies in the District of Columbia and elsewhere.

3.    By information and belief, Allstate has not divulged to the purchasing public, and plaintiff herein in particular, that said insurers have for some time in the recent past prior to the occurrence of the uninsured motorist claim giving rise to the present cause of action, and continuing at this point in time, engaged, and continues to engage, in a course of action designed to specifically deny and/or delay timely uninsured motorist benefits to the plaintiff and those similarly situated.

4.    Defendants, have not, and did not inform plaintiff, and others similarly situated, that if she was so unfortunate to become involved in an uninsured motorist claim with defendants that she would be required to retain counsel and fully litigate her claim to a likely trial before a jury in order to attempt to collect benefits to which she would be

LAW OFFICES
SACKS & CHAPIN, P.C.
748 EXECUTIVE BUILDING
1030 FIFTEENTH STREET, N.W.
WASHINGTON, D.C. 20005
(202) 659-1200

-7-

entitled and for which she had paid a premium just for such protection.

5.     To the contrary, defendants have engaged in misleading advertising campaigns designed to encourage plaintiff, and others, to purchase automobile liability insurance in compliance with applicable District of Columbia Law, including required uninsured motorist provisions, full well knowing that in the event of the assertion of a claim, as was done herein, that said defendants would unfairly make the process as onerous as possible in the apparent attempt to discourage plaintiff and/or delay quick resolution of a reasonable and lawful claim for benefits.

6.     In the instant matter, while acknowledging predecessor counsel's letter of representation, defendants' agent, servant and/or employee advised said counsel that "In the course of my investigation it will be necessary for me to meet with your client to secure a recorded statement about this claim". (See Exhibit "A" attached to plaintiff's First (1st) Amended Complaint, and prayed to be read as a part hereof).  Plaintiff avers that such effort on the part of the defendants were not only designed to determine the claimant's version of the claim, but to attempt to obtain discovery in advance of litigation.

7.     Plaintiff asserts that defendants' "claim handling process", of her claim and others similarly situated, was, is, and remains  totally nonexistent.

8.     Defendants failed to advise plaintiff herein, and other similarly situated,  at the time of the purchase of her policy, or at any time thereafter, that in the event she submitted an uninsured motorist claim that eventually the particulars would be submitted to a computer, known as "Colossus", which would produce an evaluation of plaintiff's claim to such a low value as to essentially require plaintiff to face the vagaries of a jury trial in order to attempt to obtain benefits for which she paid a premium, or be forced to accept

LAW OFFICES
SACKS  &  CHAPIN, P.C.
748 EXECUTIVE BUILDING
1030 FIFTEENTH STREET, N.W.
WASHINGTON, D.C. 20005
(202) 659-1200

a settlement of her claim for perhaps a sum less than the value of her accumulated medical expenses.

9.     That as a result of the foregoing unfair and deceptive trade practices enumerated herein, and such others as may be disclosed upon conducting discovery herein, plaintiff, and other similarly situated, has sustained damages in violation of §28-3904, District of Columbia Code, in among other things, defendants' failure to state material facts which mislead plaintiff.

9.     Defendants failed to advise the plaintiff, and others similarly situated, that in the event she sustained an uninsured motorist loss, that unless the value of the claim was $5,000.00, or less in the District of Columbia, which would qualify as a "Small Claim", that she would be required to   engage in complete litigation of her claim, requiring extensive pre-trial proceedings and an eventual jury trial.

10.     Defendants failed to advise plaintiff, and others similarly situated, at the time of her purchase of her insurance policy that it would subvert the processes of the Superior Court of the District of Columbia by failing to engage in any meaningful alternative dispute resolution processes as devised by the Court to expeditiously resolve her claim,  preferring instead to burden the plaintiff with the costs of litigation as well as time and significant effort to litigate a claim, wasting the time and resources of the Court as well.

11.     Defendants failed to advise the plaintiff, and other similarly situated, at the time of her purchase of her insurance policy, that Allstate then had, and continues now to have, a corporate policy in effect often extending low offers of settlement and if the claimant insists that he/she is being treated unfairly and refuses to accept same, it adopts a "scorched earth litigation tactic" that forces their own injured policy holders, such as

LAW OFFICES
SACKS & CHAPIN, P.C.
748 EXECUTIVE BUILDING
1030 FIFTEENTH STREET, N.W.
WASHINGTON, D.C. 20005
(202) 659-1200

-9-

plaintiff herein, to engage in expensive and burdensome litigation.

12.     Defendants "Allstate", have "home offices" in Northbrook, Illinois, and although they may well be "separate companies", they are, in fact, associated companies of "Allstate Insurance Corporation", or "Allstate Indemnity Company", with no separate parallel workforce, with the same adjusters that take in claims for the "Allstate Insurance Company" take in claims for "Allstate Indemnity Company". Claims for auto insurance policy uninsured motorist benefits are in no way processed differently if they are claimants for benefits insured by "Allstate Insurance Company", or by "Allstate Indemnity Company". All of the claims information stored for "Allstate Insurance Company", and "Allstate Indemnity Company", are stored in the same computer database.

WHEREFORE, in accord with §28-3905(k)(1)(B),(C), and (D) District of Columbia Code, plaintiff demands of both defendants herein, joint and severally:

a)     Actual damages for each member of the class for delaying payments or denial of the payment of benefits;

b)     Treble damages for each class member of the certified class;

c)     Reasonable attorney's fees in conjunction with the instant litigation;

d)     Punitive or exemplary damages in an amount as may be deemed appropriate at trial, plus interest from the date of Judgment, and the costs of this action; and

e)     Such other and further relief which this Honorable Court deems just and proper pursuant to §28-3905(k)(1)(D) and (E) District of Columbia Code.

LAW OFFICES
SACKS & CHAPIN, P.C.
748 EXECUTIVE BUILDING
1030 FIFTEENTH STREET, N.W.
WASHINGTON, D.C. 20005

(202) 659-1200

-10-

SACKS & CHAPIN, P.C.

_____
PETER A. CHAPIN,  #002030
Attorney for Plaintiffs
1030 15th Street, N.W.
Suite 748
Washington, D.C.,  20005
(202) 659-1200

_____
DAVID E. TOMPKINS,  #457632
Attorney for Plaintiffs
1030 15th Street, N.W.
Suite 760
Washington, D.C., 20005
(202) 296-0666

KOHN, SWIFT & GRAF, P.C.

_____
GEORGE W. CRONER
Attorney for Plaintiffs
One South Broad Street
Suite 2100
Philadelphia, Pennsylvania, 19607
(215) 238-1700

LAW OFFICES
SACKS & CHAPIN, P.C.
748 EXECUTIVE BUILDING
1030 FIFTEENTH STREET, N.W.
WASHINGTON, D.C. 20005

(202) 659-1200

-11-

GOLDMAN & MINTON, P.C.

THOMAS J. MINTON,   #367124
Attorney for Plaintiffs
207 E. Redwood Street
Suite 400
Baltimore, Maryland, 21202
(410) 783-7575

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Second (2nd) Amended Complaint, was served via first-class mail upon counsel for defendants, John J. Calkins, Esquire, Sonnenschein Nath & Rosenthal, LLP, 1301 K Street, N.W. Suite 600, East Tower, Washington, D.C., 20005, this 24th day of December, 2003.

PETER A. CHAPIN,
Attorney for Plaintiffs

## JURY DEMAND

Plaintiff, Eunice Wells, elects trial by a jury of six (6) persons of all issues involved herein.

PETER A. CHAPIN,
Attorney for Plaintiffs

LAW OFFICES
SACKS & CHAPIN, P.C.
748 EXECUTIVE BUILDING
1030 FIFTEENTH STREET, N.W.
WASHINGTON, D.C. 20005

(202) 659-1200