**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EUNICE WELLS, *et al.* | * | |
| Plaintiffs | * | |
| vs. | * | Case no.:  1:00CV00760(LFO)(DAR) |
| ALLSTATE INSURANCE CO., *et al.* | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**JOINT MOTION FOR PRELIMINARY APPROVAL**
**OF PROPOSED SETTLEMENT**

Named Plaintiffs Eunice Wells and Charles Rawlings, and the Defendants Allstate

Insurance Company and Allstate Indemnity Company (hereafter "Settling Parties") in this Action

hereby jointly move the Court pursuant to Fed.R.Civ.P. 23(e) for an order preliminarily

approving the Settlement Agreement reached in this lawsuit.  A copy of the Settlement

Agreement is attached to this Joint Motion as Exhibit A, and is incorporated herein by reference.

The Settlement is proposed on behalf of a Class of persons previously certified pursuant to Fed.

R. Civ. P. 23 by this Court which is defined as follows:

> Allstate policyholders or beneficiaries who (1) between March 20,
> 1997 and July 6, 2006, (2) made a claim for uninsured motorist
> benefits with Allstate which was paid in part or in full, (3) that
> included, *inter alia,* a claim for bodily injury, and (4) at some or all
> points in the claims process were represented by an attorney.

In further support of this Joint Motion for Preliminary Approval, the

Settling Parties state the following:

38577_2

1.      The Settling Parties have agreed on the settlement of all claims of Plaintiffs and all Class Members against the Defendants.

2.      All terms, definitions, provisions, reservations, and conditions of the settlement are more particularly set forth in the Settlement Agreement attached hereto.  To the extent that there may be any conflict between the terms, definitions, provisions, reservations, and conditions set forth in this Joint Motion and those set forth in the Settlement Agreement, the terms, definitions, provisions, reservations, and conditions of the Settlement Agreement shall govern.

3.      The purposes and intent of all parties to this Joint Motion are (a) that, subject to the approval of the Court, the Action and all claims raised therein shall be finally and fully compromised, settled, and released, and (b) that the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of the Settlement Agreement.

4.      As noted in the Settlement Agreement, the Settling Parties have agreed to, and do hereby propose that the Class remain defined as it is in the Order certifying the Class dated July 6, 2006.   That definition is also set forth above.

5.      In accordance with the provisions of the Settlement Agreement, the Settling Parties hereby request that the Court hold a settlement hearing, at which time the parties will seek: (1) final approval of the terms of the Settlement Agreement as fair, reasonable, and adequate to the Settlement Class, and; (2) approval of an incentive award to named Plaintiffs in the amount of $10,000 each.  At that time, Class Counsel will also seek an award of their attorneys' fees and costs, in the total amount of $725,000, to be paid by Defendants apart from any payments made to the Class Members or to the Named Plaintiffs; Defendants have agreed not to oppose that request.

6.      Movants submit that the proposed Settlement is "within the range of possible approval" warranting preliminary approval by the Court.  *In re Vitamins Antitrust Litigation,* No. 99-197 (TFH), 2000 WL 673936, *2 (D.D.C. Jan. 27, 2000).  At the preliminary approval stage, the Court's only task is to determine whether "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preliminary preferential treatment to class representatives or segments of the class, and falls within the range of possible [judicial] approval."  *In re Vitamins Antitrust Litigation,* No. 99-197 (TFH), 1999 WL 1335318, *5 (D.D.C. Nov. 23, 1999).  A proposed settlement falls within the "range of possible approval" under Rule 23(e) where there is a conceivable basis for presuming that the proposed settlement will meet the standards governing the final approval of class settlements.  *Id.*

7.      Settlements proposed by experienced counsel and which result from arm's-length negotiations are entitled to deference from the court.  *In re First Databank Antitrust Litigation,* 205 F.R.D. 408, 411 (D.D.C. 2002); *In re Vitamins Antitrust Litigation,* No. 99-197 (TFH), 2001 WL 856290, *1 (D.D.C. July 19, 2001).  *See also In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 640 (E.D. Pa. 2003) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.") *citing Hanrahan v. Britt*, 174 F.R.D. 356, 366 (E.D. Pa. 1997); *In re Automotive Refinishing Paint*, 2003 WL 23316645 at *6 (E.D. Pa. Sept. 5, 2003); *Petruzzi's, Inc. v. Darling-Delaware Co.*, 880 F. Supp. 292, 301 (M.D. Pa. 1995) ("the opinions and recommendations of such experienced counsel are indeed entitled to considerable weight."); *Lake v. First Nat'l Bank*, 156 F.R.D. 615, 628 (E.D. Pa. 1994) (giving "due regard to the recommendations of the experienced counsel in this case, who have negotiated this settlement at arms-length and in good

faith."). The initial presumption in favor of such settlements reflects courts' understanding that vigorous negotiations between seasoned counsel protects against collusion and advances the fairness concerns of Rule 23(e).

8.      The settlement reached here is the product of extensive settlement negotiations, which unfolded over a period of several months and was concluded only after Plaintiffs already had taken substantial discovery in the litigation. The Settling Parties agree that the Settlement was negotiated at arms' length in good faith by the Settling Parties, with the assistance of a professional mediator (Jonathan Marks of Marks ADR, Inc.), and reflects a Settlement that was reached voluntarily after consultation with competent legal counsel.

9.      Movants further suggest that the factors demonstrating the reasonableness of the proposed Settlement as reflected in the Settlement Agreement include:

    a.      the uncertainty of the complex legal issues underlying the allegations in the Action;

    b.      the assurance that the Settlement Class Members who file claims in accordance with the proposed Notice provisions and Claim Form will obtain a significant benefit regardless of the outcome of further litigation;

    c.      the interests of judicial economy after more than seven years of hard-fought litigation in this forum and in the Court of Appeals;

    d.      the costs of continued litigation for the Settling Parties;

    e.      the age of some of the claims and the practical difficulties associated with locating and providing tangible proof relating to those claims many years after the events described in the Amended Complaint;

    f.      the prevailing consideration in all compromises and settlements that each party, whether the Settlement Class or the Settling Parties, weighs the advantages and benefits of settlement against the potential risks and benefits of continued litigation.

10.    Movants note that Defendants have denied, and continue to deny, the allegations in the Action.  Consequently, the Settlement, and the consideration therefore, is fair, reasonable, and adequate, considering:

    a.    the complexity, expense, and likely duration of the litigation with respect to the further participation of the Settling Parties;

    b.    the state of the proceedings and the amount of briefing already completed and decided in this Court and in the Court of Appeals;

    c.    the agreement to pay a signification Settlement Amount, up to $800,000, and the benefits that will therefore be available to those of the approximate 1,200 class members who file claims; and

    d.    the concurrences of counsel for the Settlement Class and the Settling Parties as reflected in their respective signatures to this Joint Motion.

11.    Plaintiffs' Counsel represents to the Court that, in their opinion, the Settlement, as proposed, is fair and reasonable to the putative Class as proposed, especially in view of the uncertainties and vagaries of further litigation with the Defendants, and the immediate and substantial benefit obtained for the Class.

12.    In accordance with the provisions of the Settlement Agreement, Class Counsel present for the approval of the Court the following proposed plan:

    a.    Following the Court's determination pursuant to this Motion that the Settlement should be preliminarily approved, Notice to all Class Members, in the form attached to the settlement agreement as Exhibit 4, shall be disseminated in accordance with the terms contained in the Settlement Agreement and in the Administration Plan, informing Class Members of their rights to make claims, to object to the terms of the proposed Settlement, to be heard on any objections at the Settlement Hearing to be conducted at a prescribed time and place and in a prescribed manner, or to opt out of the Class.

    b.    The Settlement Hearing shall be conducted in such manner as to assure full compliance with applicable considerations of due process of law and the provisions of the Federal Rules of Civil Procedure.

13.     The Preliminary Approval Order (attached to the Joint Motion as Exhibit B) provides a mechanism for the dissemination of the Notice pursuant to the terms of the Settlement Agreement and Administration Plan to each Class Member by first class mail to his or her last known address.  Costs of mailing, locating Class Members, and processing claims shall be borne by the Defendants pursuant to the terms of the Settlement Agreement.

14.     To facilitate the proposed Settlement and in the interests of judicial economy, the Settling Parties request that the commencement and/or prosecution of any and all actions and proceedings (including discovery) by, on behalf of, or through any Class Members and third persons against any of the Defendants (excluding, however, those proceedings within the Action necessary to obtain final approval of the Settlement embodied in the Settlement Agreement), should be enjoined and stayed during the pendency of these Settlement proceedings and until further ordered by this Court.

15.     As described in the Settlement Agreement, the Settling Parties agree that, in the event of termination of the Settlement Agreement, the Action shall revert to its status before the execution of the Settlement Agreement, as if related orders and papers and the efforts leading to the Settlement Agreement had not been entered, prepared, or taken, and the Settling Parties would then jointly request that a new scheduling order be entered.

16.     The Settling Parties agree that the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Settlement Agreement.

**WHEREFORE, MOVANTS REQUEST:**

A.      That the Court review the proposed Settlement Agreement and that the Settlement Agreement and the terms of the settlement contained therein be preliminarily approved by the Court as fair, reasonable, and adequate, entered into in good faith after arms' length negotiations between the parties;

B.      That the Court approve the form of Notice to the Class Members, and order its dissemination to Class Members as provided in the Settlement Agreement, so that the Court may obtain and consider comments/objections of the Class, if any, regarding the Settlement Agreement and the Settlement set forth therein, and consider its fairness, reasonableness, and adequacy precedent to final approval of the Settlement Agreement;

C.      That the Court set a date and time for a hearing at which the final approval of the Settlement Agreement can be considered and, if appropriate, a final Order dismissing the Action with prejudice can be entered, and that the Court establish other deadlines for the filing with the Court of any motions, objections, or other papers related to the settlement prior.

Dated: December 17, 2007

Respectfully submitted,

_____/s/Peter A. Chapin_____
(signed by John J. Calkins with consent)
PETER A. CHAPIN, #002030
Sacks & Chapin, P.C.
927 15th St., N.W., 9th Floor
Washington, D.C. 20005
(202) 659-1200


DAVID E. TOMPKINS, #457632
Lewis & Tompkins
927 15th St., N.W., 9th Floor
Washington, D.C. 20005
(202) 296-0666

THOMAS J. MINTON, #367124
Goldman & Minton, P.C.
20 South Charles St., Suite 1201
Baltimore, MD 21201


GEORGE W. CRONER
Kohn, Swift & Graf, P.C.
One South Broad St., Suite 2100
Philadelphia, PA 19107
(215) 238-1700

*Attorneys for the Class*


_____/s/John J. Calkins_____
JOHN J. CALKINS, #445290
Sonnenschein Nath & Rosenthal LLP
1300 K St., N.W., Suite 600, East Tower
Washington, D.C. 20005
(202) 408-6400

MARGO WEINSTEIN
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000

*Attorneys for Defendants*