Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into this 17th day of December 2007, by and between plaintiffs Eunice Wells and Charles Rawlings ("Plaintiffs"), individually and as the representative of the Class (defined below), and defendants Allstate Insurance Company and Allstate Indemnity Company ("Allstate"). Plaintiffs and Allstate are collectively referred to herein as the "Parties."

## RECITALS

WHEREAS, Eunice Wells filed suit against Allstate Insurance Company in the Superior Court for the District of Columbia, (the "Action") and;

WHEREAS, Allstate Insurance Company removed the Action to the United States District Court for the District of Columbia, and;

WHEREAS, Ms. Wells later amended the complaint in the Action and, during the pendency of the Action in the United States District Court for the District of Columbia, Charles Rawlings was added as a party plaintiff and Allstate Indemnity Company was added as party defendant, and;

WHEREAS, by Orders dated August 11, 2002, and July 6, 2006, the Court certified a class under the District of Columbia Consumer Protection and Procedures Act, with the Class consisting of all Allstate policyholders or beneficiaries who (1) between March 20, 1997 and July 6, 2006, (2) made a claim for uninsured motorist benefits with Allstate which was paid in part or in full, (3) that included, *inter alia,* a claim for bodily injury, and (4) at some or all points in the claims process were represented by an attorney (the "Class"), and;

1

WHEREAS, the following attorneys have been approved by the Court to act as Class Counsel:  Peter A. Chapin, David E. Tompkins, Thomas J. Minton, and George W. Croner (collectively "Class Counsel"), and;

WHEREAS, Allstate has denied, and continues to deny the claims asserted by Plaintiffs in the Action, and is settling to avoid the uncertainty, risks, costs, and delays of further litigation, and;

WHEREAS, the Parties have engaged in substantial discovery and motions practice on both procedural and dispositive issues, and have briefed one petition seeking leave to appeal to the United States Court of Appeals for the District of Columbia, and;

WHEREAS, the Parties engaged in a lengthy mediation process with Jonathan Marks and Marks ADR (the "Mediator), resulting in the execution of a Memorandum of Understanding ("MOU") on or about October 30, 2007, and;

WHEREAS,  as expressed in the MOU, it is the Parties' mutual desire now to enter into a full and binding settlement of all claims that have been or could have been brought by the Plaintiffs on behalf of the Class against Allstate in the Action, and to dismiss the Action with prejudice, and;

WHEREAS, the Parties have complied with the terms of the MOU in devising an allocation formula and an administrative plan for maximizing distribution of settlement proceeds to eligible Class Members or their successors, and in conducting further due diligence discovery relating to the size and composition of the Class, and;

WHEREAS, Class Counsel, having completed discovery and evaluated the risks and benefits of continued litigation of the Action, have determined that the terms of the proposed

2

settlement, as set forth below (the "Settlement"), are fair, reasonable, adequate, and in the best interests of the Class:

**NOW, THEREFORE**, in consideration of the respective covenants, undertakings, representations, conditions, and promises set forth herein, Plaintiffs, individually and as the representatives of the Class, and Allstate, intending to be legally bound, acknowledge and agree as follows in full and final settlement and compromise of all claims that were or that could have been asserted in the Action arising out of Allstate's treatment of claims for uninsured or underinsured motorist benefits by Class Members:

1.    **DEFINITIONS.**

(A)    "Class Member" means any person with a claim that meets the definition of the Class, and who has not effectively exercised the right to opt out of the Class.

(B)    "Court" means the United States District Court for of the District of Columbia.

(B)    "Settled Claims" is defined in Section 3(A) below.

(C)    "Settlement Amount" means the sum of Eight Hundred Thousand Dollars ($800,000) which Allstate has agreed to make available for payment to eligible Class Members who submit Valid Claims.  The Settlement Amount does not include any attorneys' fees, plaintiff incentive awards, or case costs, which are to be paid separately, upon Court approval, as set forth below.

(D)    "Effective Date of the Settlement" means the date when (a) the Court issues an order approving the Settlement (the "Order"), and that Order is entered as a final, appealable judgment; and (b) either (i) the time for filing or noticing of any appeal or other judicial review of the Order has expired without any such appeal or other review of the Order having been sought; or (ii) an appeal or other review of the Order having been filed, such appeal or other

3

review is finally concluded and is no longer subject to review by any court whether by appeal, writ of certiorari or otherwise, and such appeal or other review has been resolved in such manner as to permit the consummation of the matters contemplated by the Order.

E.     "<u>Valid Claim</u>" is defined in Section 6(C) below.

## 2.     <u>COMPLIANCE WITH THE MOU</u>

The Parties acknowledge that to date each Party has complied with the terms of the MOU.  The Parties specifically acknowledge that:

(a)     On November 19, 2007, Class Counsel provided Allstate with an initial plan for distribution of the Settlement Amount to eligible Class Members, and then on December 17, 2007 provided Allstate with an updated plan, which is set forth more fully below in paragraph 6(A) ("Allocation Plan").  By executing this Agreement, Allstate hereby acknowledges its approval of that Allocation Plan, and;

(b)     On December 3, 2007, Class Counsel participated in an interview with Christine Sullivan, an employee of Allstate.  The interview resulted in confirmation to the satisfaction of Class Counsel that that the class as defined in the Court's Orders approving class certification consists of fewer than 1,201 members (a list of all 1,198 potential class members is attached hereto as Exhibit 1), and;

(c)     Allstate has provided Class Counsel with a Plan for administering the notice and claims process.  That Administration Plan is attached to this Agreement as Exhibit 2, and is expressly incorporated in and forms a part of this Agreement. By executing this Agreement, Class Counsel acknowledge their approval of

4

the Administration Plan.  Part of the Administration Plan will include setting

up a toll-free number using an automated Voice Response Unit (VRU).  The

VRU scripts the parties have agreed to are attached hereto as Exhibit 3.

3.   **RELEASE  AND COVENANT NOT TO SUE**

(A)   Release

Plaintiffs and each Class Member, and each of their respective past or present heirs,

executors, administrators, successors or assigns, (collectively, "Releasors"), in consideration of

the promises and other good and valuable consideration set forth herein, the receipt and

sufficiency of which is hereby acknowledged, hereby fully, finally, and forever waive, release,

extinguish, and discharge Allstate Insurance Company and Allstate Indemnity Company, and

each of their respective past or present parents, subsidiaries, affiliates, general or limited

partners, partnerships, officers, directors, shareholders, fiduciaries, heirs, executors,

administrators, estates, predecessors, successors, assigns, agents, attorneys, advisors, consultants,

representatives, servants, families, associates, employees, trustees, auditors, accountants, and

bankers, (collectively "Releasees") of and from any and all claims, actions, complaints, causes of

action, rights, debts, liabilities, damages, losses, obligations, judgments, costs and expenses

(including attorneys' fees), demands or suits, matters, and issues of any kind or nature

whatsoever, at law or in equity, whether known or unknown, disclosed or undisclosed, suspected

or unsuspected, contingent or absolute, accrued or unaccrued, or otherwise, which against

Releasees, whether individually or collectively, jointly or severally, directly or indirectly,

derivatively, or otherwise, Releasors ever had, now have, or claim to have, from the beginning of

time to the date of this Settlement Agreement and Release and which have arisen, could have

arisen, or arise out of or relate in any manner or way to: (1) the allegations, facts, events,

transactions, acts, occurrences, statements, representations, omissions, or any other matter, thing, or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related to the facts and claims contained in the Complaint and/or the Amended Complaints filed in the Action; (2) any and all claims that were or could have been asserted in either the Action or in any court, tribunal, or proceeding under federal or state law, including, but not limited to, any claims for uninsured or underinsured motorist benefits, and any claims arising out of such claims for benefits under the District of Columbia Consumer Protection Procedures Act (the "Settled Claims").

       (B)    <u>Effect Of The Release</u>.

This Settlement Agreement and Release may be pleaded as a full and complete defense to any action, suit, or other proceeding that may be instituted, prosecuted, or attempted with respect to any of the Settled Claims.  Any such proceeding would cause irreparable injury to the party against whom it is brought and that the Court or any court of competent jurisdiction may enter an injunction restraining prosecution thereof.

       (C)    <u>Covenant Not To Sue</u>

Each of the Releasors covenants not to sue a Releasee hereunder upon any matter released herein.  Nothing in this Agreement shall be deemed to release any party hereto, or any Class Member, from their respective obligations under this Agreement.

**4.**      <u>**COURT APPROVAL AND NOTICE**</u>

       (A)    <u>The Settlement Notice</u>

The Parties have agreed upon a form of notice to be provided to the Class describing the terms and conditions of the settlement of the Action, and will seek Court approval of this notice on December 18, 2007 (the agreed upon Notice, Claim Form and Declaration are attached hereto

as Exhibit 4).  Allstate shall bear the expense and cost of providing notice of the proposed

Settlement to the Class.  In doing so, Allstate shall send the Notice by First Class Mail, postage

prepaid, to each Class Member at his or her last known address, or at any address that may be

provided to Allstate by Class Counsel.  Should any Notice be returned as undeliverable, Allstate

shall follow the procedures outlined in the Administration Plan in attempting to locate the Class

Member.

      (B)    <u>Final Approval</u>

If the Court approves the Settlement (including any modification thereto made with the

consent of the Parties as provided for herein), the Parties shall jointly arrange for the dismissal of

the Action with prejudice.

**5.**      <u>**ATTORNEY'S FEES AND LITIGATION COSTS**</u>

      A.    Class Counsel intend to apply to the Court for an award of attorneys' fees and for

reimbursement of expenses incurred in prosecuting the litigation (the "Fee and Cost Award").

Any award of attorneys' fees or reimbursement of litigation costs shall be in the sole discretion of

the Court.  Class Counsel agrees that it will not seek a Fee and Cost Award in excess of Seven

Hundred Twenty Five Thousand Dollars ($725,000).  Allstate agrees that it will not object to any

request for an award of fees and expenses up to Seven Hundred Twenty Five Thousand Dollars

($725,000) and that any fee and cost award approved by the Court, up to a total amount of

$725,000, shall be paid by Allstate to Class Counsel within fifteen (15) days of the Effective

Date of the Settlement.  Allocation of any fee and cost award among Class Counsel shall be at

the sole discretion of Class Counsel.

      B.    The procedures for the allowance or disallowance by the Court of any application

for an award of attorneys' fees or reimbursement of litigation costs are not part of this Settlement

Agreement and Release, and may be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in this Settlement Agreement and Release, and any order or proceeding relating to Class Counsel's application for an award of attorneys' fees and reimbursement of litigation costs shall not operate to terminate or cancel this Settlement Agreement and Release, except that Allstate has the option of withdrawing from the Settlement Agreement if the Court awards attorneys' fees and costs in an amount exceeding Seven Hundred Twenty Five Thousand Dollars ($725,000).

C.      Any Fee and Cost Award awarded by the Court shall not increase the Settlement Amount, but instead shall be paid separately from the Settlement Amount that Allstate will make available to eligible Class Members.

6.      **PAYMENT OF THE SETTLEMENT FUND AND ALLOCATION PLAN**

A.      Allocation Plan: Defendants shall cause the Settlement Amount to be paid directly to the Class Members who submit Valid Claims as defined herein, (and as set forth in the Administration Plan) within thirty (30) days of the Effective Date of the Settlement.  Payments shall be allocated to individual Class Members in three categories as follows:

| Days Between Lost Report and Claim Payment | Amount of Settlement Payment |
| --- | --- |
| 0 - 180 days | $150 |
| 181 - 635 days | $600 |
| 635 + days | $1,200 |

Allstate's obligation is only to pay Valid Claims submitted by eligible Class Members. Any difference between the Settlement Amount and the amounts paid to Class Members shall not be distributed to any other entity, *cy pres* fund, or other fund, cause or person.

      B.    Incentive Awards: Allstate also agrees to pay Eunice Wells and Charles Rawlings each the sum of Ten Thousand Dollars ($10,000) (or any smaller sum that the Court may approve) within thirty (30) days of the Effective Date of the Settlement. This incentive payment shall be above and in addition to any sums paid to Ms. Wells and Mr. Rawlings by Allstate from the Settlement Amount under paragraph A herein. Class Counsel shall seek approval from the Court for this incentive payment. Allstate will not oppose this request.

      C.    Valid Claims: Along with the Class Notice, each Class Member will receive a packet that includes a sheet that will provide information (the "Information Sheet") on the steps that the Class Member must take in order to receive a settlement payment. The Information Sheet will include the following language:

> You may be entitled to receive a settlement payment between $150 and $1,200 if you follow these three steps:
>
> 1. Return this form to the claims administrator in the enclosed postage-prepaid envelope.
>
> 2. Make certain your address is correct. If it isn't, place your correct address here: _____
>
> 3. Confirm your eligibility to receive the settlement payment by reading and signing the enclosed Declaration and returning it to the claims administrator in the enclosed postage pre-paid envelope.

The packet that each Class member receives will also include a Declaration that must be filled out, signed and submitted to the claims administrator as a condition to receiving any payment from the Settlement Amount.  The Declaration will state:

> "I believe that I was misled regarding Allstate's claims handling practices and that Allstate delayed the handling of the bodily injury portion of my uninsured/underinsured motorist claim because I hired an attorney.  I declare under the penalty of perjury that the foregoing is true and correct."

_____
[Signature]

In order for a Class member's claim to be a Valid Claim, the Class member need only sign the Declaration set forth on the claim form, and return it within the time provided in the Class Notice.  There shall be no other requirements in order for a claim to be considered valid.  If a class member has died after the time that his or her claim arose, [to be inserted].

## 7.    <u>STIPULATION OF DISMISSAL</u>

Within three (3) days of the Effective Date of the Settlement, the Parties, through their counsel, shall file with the Court a Stipulation of Dismissal with prejudice of the Action.

## 8.    <u>REPRESENTATIONS AND WARRANTIES</u>

The Parties represent and warrant to each other that:

(A)  the execution and delivery of this Settlement Agreement and Release and the consummation of the actions contemplated hereby to be taken by each of them have been duly authorized, and that this Settlement Agreement and Release is a valid and binding agreement, enforceable in accordance with its terms;

(B)  they own the rights released herein and have not assigned or transferred or purported to assign or transfer any such rights to any other person or entity;

(C)  they have carefully read and understand the contents of this Settlement Agreement and Release;

(D)  they have consulted with counsel regarding the terms of this Settlement Agreement and Release;

(E)  prior to the execution of this Settlement Agreement and Release, the Parties and their respective counsel have had an adequate opportunity to make whatever investigation or inquiry they deemed necessary or desirable with respect to the subject matter of this Settlement Agreement and Release;

(F) they have freely negotiated this Settlement Agreement and Release, each with the assistance of counsel; and

(G)  they enter into this Settlement Agreement and Release without any inducement other than that which is described herein.

9.    **NO ADMISSION OF LIABILITY**

Neither the negotiation of, the fact of, nor the terms, conditions and other provisions, nor the performance of the Settlement or this Settlement Agreement and Release shall be (a) argued, deemed or construed in any manner whatsoever to be an admission of fault, wrongdoing or liability by Allstate or any the Releasees for any purpose or (b) used by Plaintiffs or any the Releasors for any purpose other than the enforcement of the provisions of this Settlement Agreement and Release.  This Settlement Agreement and Release shall not be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person in this or any other actions or proceedings, whether civil, criminal or administrative.

10.    **RESULT OF SETTLEMENT'S FAILURE TO TAKE EFFECT**

If the Settlement set forth in this Settlement Agreement and Release fails to become effective in accordance with its terms, is terminated in accordance with its terms, is successfully challenged or if any court order approving the Settlement is reversed, vacated or modified, the Settlement provided for herein and any actions to be taken in connection therewith (including the any Notice of Settlement, Hearing, Order, and Dismissal to be entered concerning the Settlement) and all negotiations, transactions and proceedings connected with it (i) shall be without prejudice to the rights of the Parties, (ii) shall not be deemed or construed as evidence or an admission by the Parties of any fact, matter or thing, (iii) shall not be admissible in evidence or used for any purpose in any other action or proceeding, and (iv) shall be void, invalid and without effect.

11.    **MISCELLANEOUS**

(A) Construction:  This Settlement Agreement and Release, together with any exhibits, shall be deemed to have been mutually prepared by the Parties.  It is understood and agreed that no provision in this Settlement Agreement and Release shall be construed presumptively for or against any Party, but rather shall be given a fair and reasonable construction and interpretation, based on the plain language of the Settlement Agreement and Release and the expressed intent of the Parties.

(B) Entire Agreement:  This Settlement Agreement and Release constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein, and supersedes all prior agreements with respect thereto.  No representations, warranties or inducements have been made to anyone concerning the Settlement Agreement and Release other than the representations, warranties and covenants contained and memorialized herein.

(C)  Modification:  This Settlement Agreement and Release may not be altered, amended or modified in any respect or particular whatsoever except by a writing duly executed by each of the Parties or their respective authorized representative(s).

(D)  Waiver:  No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege hereunder.

(E)  Non-severability.  If any provision of this Settlement Agreement and Release is held to be illegal or invalid by a court of competent jurisdiction, the remaining provisions of the Settlement Agreement and Release are void, invalid and ineffective.

(F)  Execution and Counterparts:  This Settlement Agreement and Release may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument, provided, that no Party shall be bound until all Parties have executed this Settlement Agreement and Release.  The undersigned counsel for the Parties shall exchange among themselves original signed counterparts and a complete set of original executed counterparts of this Settlement Agreement and Release shall be filed with the Court.

(G)  Governing Law:  This Settlement Agreement and Release Agreement shall be construed, interpreted and applied under the law of the District of Columbia, without regard to principles of conflict of laws.

(H)  Effect:  This Settlement Agreement and Release shall be binding upon and inure to the benefit of the Parties, their respective heirs, parents, subsidiaries, related or otherwise affiliated entities, successors and assigns.

13

(I)  <u>Confidentiality</u>:  Except as necessary to give notice to and provide information to the Class Members, to seek Court approval of this Settlement Agreement and Release, as necessary in connection with the enforcement of this Settlement Agreement and Release, or as required by any governmental or quasi-governmental entity, the Parties agree that this Settlement Agreement and Release, its terms and provisions, and all correspondence and discussions related to this Settlement Agreement and Release, shall be kept confidential by the Parties.  Class Counsel may issue a press release announcing the Settlement and the Approval thereof, in a form agreed to by the Parties.  Class Counsel may also provide links to the Settlement Agreement and to the Class Notice on their websites.  Any public comments by the Parties or by Class Counsel, and description of the Settlement on any website, shall be limited to the language used in the joint press release.  In addition, Class Counsel agree that they will not engage in any disparaging comments about Allstate relating to the facts underlying the Action or the settlement of the Action.   The foregoing sentence notwithstanding, the Parties agree that they may disclose such facts as are necessary for them to obtain advice from lawyers, accountants and tax advisors.

(J)  <u>Costs, Expenses, and Fees</u>:  Except as otherwise provided herein, each Party shall bear its own costs, expenses, and fees.

(K)  <u>Headings</u>:  The paragraph headings contained in this Settlement Agreement and Release are for convenience of reference only and shall not affect the interpretation or construction of this Settlement Agreement and Release.

(L)  <u>Costs and Expenses of Enforcement</u>:  This Settlement Agreement and Release is and may be pleaded as a full and complete defense to, and is and may be used as the basis for, an injunction against prosecution of any claim that seeks recovery or relief contrary to the terms of

14

this Settlement Agreement and Release.  If any Party retains counsel for the purpose of

restraining, enjoining, or otherwise preventing the breach of, or enforcing this Settlement

Agreement and Release, including without limitation the commencement or institution of any

action or proceeding to enforce any provision of this Settlement Agreement and Release or to

obtain (a) damages by reason of any alleged breach of any provisions hereof, (b) a declaration of

the rights or obligations of the Parties or (c) any other judicial remedy in connection therewith,

the prevailing party shall be entitled, in addition to such other relief as may be granted in such

action or proceeding, whether by motion, at trial or on appeal, to be reimbursed by the other

party for all costs and expenses incurred as a result thereof, including without limitation

reasonable attorneys' fees and costs for services rendered to such prevailing party.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement and Release this 17th day of December 2007.

For Defendants:

_John J. Calkins, D.C. Bar # 445290_
SONNENSCHEIN NATH &
ROSENTHAL LLP
1301 K Street, N.W.
Washington, DC 20005
(202) 408-6400

Margo Weinstein
SONNENSCHEIN NATH &
ROSENTHAL LLP
8000 Sears Tower
Chicago, Illinois 60606
(312) 876-8000

Counsel for Defendants
Allstate Insurance Company and
Allstate Indemnity Company

For Class Counsel

_Peter Chapin (with consent)_
Peter A. Chapin, D.C. Bar # 002030
SACKS & CHAPIN, P.C.
927 15th Street, N.W.
9th Floor
Washington, DC 20005
(202) 659-1200

David E. Tompkins, D.C. Bar #457632
LEWIS & TOMPKINS, P.C.
927 15th Street, N.W.
9th Floor
Washington, DC 20005
(202) 296-0666

Thomas J. Minton, D.C. Bar #367124
GOLDMAN & MINTON, P.C.
207 E. Redwood Street
Suite 400
Baltimore, Maryland 21202
(410) 783-7575

GEORGE W. CRONER
KOHN, SWIFT & GRAF, P.C.
One South Broad Street
Suite 2100
Philadelphia, Pennsylvania 19607
(215) 238-1700

Counsel for Plaintiffs

16

Exhibit 1

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

EUNICE WELLS, *et al.*                    *

       Plaintiffs                    *

       vs.                    *          Case no.:  1:00CV00760(LFO)(DAR)

ALLSTATE INSURANCE CO., *et al.*          *

       Defendants                *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## NOTICE REGARDING SEALED DOCUMENT

This Notice serves as notification that Exhibit 1 to Exhibit A of the Joint Motion for Preliminary Approval of Proposed Settlement has been **FILED UNDER SEAL** in paper form in the Clerk's Office and will not be filed electronically.  It will be maintained in the sealed case in the Clerk's Office.  The Court has pending before it a motion to file these documents under seal.

Dated: December 17, 2007

                    Respectfully submitted,

                    _____/s/John J. Calkins_____
                    John J. Calkins, D.C. Bar # 445290
                    SONNENSCHEIN NATH & ROSENTHAL
                    1301 K Street, N.W.
                    Suite 600, East Tower
                    Washington, D.C. 20005
                    (202) 408-6400

Margo Weinstein
SONNENSCHEIN NATH & ROSENTHAL
8000 Sears Tower
Chicago, Illinois 60606
(312) 876-8000


Counsel for Defendants Allstate Insurance
Company and Allstate Indemnity Company

25174352\V-1

Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EUNICE WELLS, on behalf of herself and All Others Similarly Situated | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. 1:00-CV-00760 (LFO) (DAR) |
| ALLSTATE INSURANCE COMPANY, | ) ) | |
| and | ) ) | |
| ALLSTATE INDEMNITY COMPANY | ) ) | |
| Defendants. | ) | |

CLAIMS ADMINISTRATION PLAN

1.   <u>Class Notice</u>

1.1    Using the form of notice approved by the Court, Allstate will print notices to be mailed to the potential class members identified on the Class List (the Class List is attached to Settlement Agreement as Exhibit 1).  Allstate will also print copies of the Claim Forms and Declarations that are also to be mailed to each potential class member.  Allstate will mail the notices, Claim Forms and Declarations, at Allstate's expense, to the potential class members at the most current address available.  Allstate shall make a good faith effort to identify the most current address of each potential class member by using an outside source, Acxiom, to update the last known address reflected in Allstate's records.  Allstate will make a good faith effort to send the notices as soon as practicable following the Court's preliminary approval of the Settlement Agreement, and in any event must mail the notices within 60 calendar days of the date the Court enters an order granting preliminary approval to the Settlement Agreement.  To the extent a potential class member has multiple claims eligible for inclusion in the settlement class, Allstate will mail one notice packet for every eligible claim.

1.2     The mailing to potential class members will include instructions to the Post Office that undeliverable mailings be returned to the following post office box:

> Wells Settlement
> P.O. Box _____
> Washington, DC _____

Allstate will catalog all class notices that are returned as undeliverable, and every 20 days following the initial mailing of the notices, Allstate will provide a list to Class Counsel identifying the notices that have been returned as undeliverable.  Allstate shall make a good faith effort to locate the class members to whom notice was mailed, but returned for improper address, as undeliverable, or for any other reason.  To the extent Allstate is able to identify a new address for a returned notice within 15 days before the deadline to submit Claims Forms and Declarations, Allstate shall re-mail the class notice to the new address.

2.      Telephone Service.

2.1     Allstate will develop and maintain a toll-free telephone number for a period of not less than 60 days following the mailing of the Class Notice to respond to inquiries concerning the settlement, and such toll-free number shall be operational at the time Class Notice is mailed.  The number will answer calls from class members using an automated Voice Response Unit (VRU). The VRU can be utilized by individuals calling from touch-tone telephones.  The VRU shall have a script, in a form agreed to by the parties, providing information contained in the class notice, as well as instructions for providing a change of address.  As one of the options in the VRU script, callers shall be able to obtain instructions to contact Class Counsel.  The scripts the Parties have agreed to are attached to the Settlement Agreement as Exhibit 3.

3.      Verification of Claim Forms and Declarations.

3.1     Upon receiving a response from a potential class member, Allstate shall determine whether the claim is valid by checking to see whether the Claim Form has been completed, the

Declaration executed, and the materials postmarked on or before the deadline contained in the class notice.  When a class member has timely returned a Claim Form that has been filled out, and a signed Declaration, the claim is valid.  All other claims are invalid and the class member is entitled to no payment.  (See Settlement Agreement at ¶ 6.)

3.2     If a Class Member has died since submitting the insurance claim, the decedent's heirs may submit a valid claim by: (1) filling out the claim form, (2) providing a death certificate documenting the class member's death, (3) providing a statement under penalty of perjury that they are the lawful heirs or administrators of the estate, and (4) if an estate has been opened, providing documentation of their status as an administrator.  Upon receiving a response from an heir of a deceased class member, Allstate shall determine whether the claim is valid by checking to see that the required information and documentation has been supplied, and that the materials are postmarked on or before the deadline contained in the class notice.

3.3     Allstate shall maintain and catalog all Claim Forms and Declarations that it receives, including those sent directly to the post office box address listed on the pre-printed envelopes that will be sent to Class Members along with the Notice, and those that Class Counsel or the Court provide to Allstate or its counsel.

3.4     Class Counsel shall forward to Allstate the original copy of all Claim Forms and Declarations sent directly to Class Counsel, including the original envelope or any other material bearing the postmark, within 3 business days of the date Class Counsel receives the material.

3.5     Every 20 days following the date on which Allstate mails the Class Notice, Allstate shall: (a) report to Class Counsel its determination of the total number of responses received, the total number of responses determined to be valid claims, and the total number of responses determined to be invalid claims, (b) make all responses received (including Claim Forms and Declarations) available to Class Counsel, and (c) provide Class Counsel with a report

regarding Allstate's determination of the validity of each Claim Form.  The last report shall be provided 20 days following the date by which Claim Forms are to be post-marked according to the class notice.

3.6     To the extent there is any dispute concerning the validity of any claim, the Parties agree to work in good faith to resolve the dispute.  Disputes concerning the validity of a claim that the Parties cannot resolve themselves shall be resolved by binding decision of the Mediator, Jonathan Marks of Marks ADR.

4.     <u>Exclusion Requests</u>

4.1     The Notice directs potential class members to send exclusion requests to Class Counsel.  Allstate shall forward to Class Counsel the original copy of all exclusion requests sent to Allstate, including the original envelope or any other material bearing the postmark, within 3 business days of the date Allstate receives the material.

4.2     Class Counsel shall review all exclusion requests for compliance with the requirements set forth in the Settlement Agreement to ascertain whether the request for exclusion is valid or invalid and maintain a record of the determination.  Every 20 days following the date on which Allstate mails the class notice, Class Counsel shall:  (a)  report to Allstate its determination of the total number of exclusion requests received, the number of valid exclusion requests and the number of exclusion requests rejected as invalid; (b) make all exclusion requests available to Allstate; and (c) provide Allstate with its determination of the validity of each exclusion requests.  The last report shall be provided 20 days following the date by which Claim Forms are to be post-marked according to the class notice.

4.3     To the extent there is any dispute concerning the validity of an exclusion request, the Parties agree to work in good faith to resolve the dispute.  Any dispute concerning the

validity of an exclusion request that the Parties cannot resolve shall be resolved by binding decision of the Mediator, Jonathan Marks of Marks ADR.

     5.     <u>Claims Payments</u>

     5.1     Once the settlement becomes final pursuant to the terms of the Settlement Agreement, Allstate will mail payment, in the amount calculated pursuant to the methodology set forth in the order of final approval, to every Class Member who submitted a valid claim.  Allstate will make a good faith effort to send the payments as soon as practicable once the Settlement is final, and shall mail all payments within 60 days of the date the Settlement is final.  Payment shall be made to Class Members via checks whose terms require negotiation within 60 days of the check's dates.

     5.2     If, after all checks have been disbursed to Class Members, there are checks that have not been cashed within 60 days of the check's date, or are returned as undeliverable following reasonable efforts made to locate the Class Member, Allstate will stop payment on those uncollected checks.

     6.     <u>General Provisions</u>

     6.1     Allstate may, at its option and expense, engage the services of a third party in connection with the obligations set forth herein.

Exhibit 3

## WELLS V. ALLSTATE TOLL FREE LINE WORD TRACK:
## VOICE RESPONSE UNIT SCRIPT

Thank you for calling the Wells versus Allstate settlement information line.  By continuing this call you will be provided information about the Wells versus Allstate class action litigation, the proposed settlement in this litigation, the requirements to qualify as a class member and for receipt of settlement benefits as a member of the class, and information on opting out of the class.

**MAIN MENU**

**To learn more about the background of this litigation, press or say 1.**

This litigation stems from a class action lawsuit in the U.S. District Court for the District of Columbia against Allstate Insurance Company and Allstate Indemnity Company. Plaintiffs alleged that Allstate violated the District of Columbia Consumer Protection Procedures Act as a result of the manner in which Allstate handled their claims for uninsured motorists benefits because they had hired counsel to represent them.  Allstate denies all of the allegations.

The parties believe that the settlement is in the best interests of the parties and of Allstate's policyholders, due to the risks, uncertainty, and expenses associated with continuing this litigation.

**To repeat this message, press or say 1.**

**To return to the main menu, press or say 9.**

**To learn if you qualify as a class member who may be entitled to receive benefits under the proposed settlement, press or say 2.**

You may qualify as a member of this settlement class if:

you were an Allstate Insurance Company or Allstate Indemnity Company automobile policyholder or beneficiary of a policy written by either of these companies between March 20, 1997, and July 6, 2006,

and during that time you:

filed a claim for uninsured, or underinsured, motorists damages as a result of an auto accident that included a claim for bodily injury, and

you were represented by a lawyer during the claims process,

you have been paid in part or in full on that claim, and

you do not request exclusion from the Class.

**To repeat this message, press or say 1.**

**To return to the main menu, press or say 9.**

**For Settlement Amount Information, press or say 3.**

The amount a class member qualifies for depends on how long it took for Allstate to make payment to you on your uninsured or underinsured motorist claim.  Those who waited the longest will receive larger shares of the $800,000, those who waited the least amount of time will receive smaller shares.  Claim payments will be between $150.00 and $1,200.00.

**To repeat this message, press or say 1.**

**To return to the main menu, press or say 9.**

**If you qualify as a class member, to learn how and when you may receive a settlement payment, press or say 4.**

If, following the hearing now scheduled for _____, the court determines that the settlement is fair, the court will execute a Final Order implementing the settlement.  All class members who did not request to be excluded from the class and who submit a valid claim form will be entitled to settlement payment amounts for each eligible claim.

If there are no appeals of the approval order, the disbursement of settlement checks will most likely occur in _____.

**To repeat this message, press or say 1.**

**To return to the main menu, press or say 9.**

**If you would like to learn how you can elect not to participate in the Settlement, press or say 5.**

If you do not want to be bound by the proposed settlement, you must send an exclusion request by first-class mail to Peter A. Chapin, Sacks & Chapen, 927 15th St., N.W., Ninth Floor, Washington D.C., 20005.  This request must specifically state that you want to be excluded from the class in this case, and must contain your full legal name or names of the Allstate policyholders or beneficiaries who wish to be excluded, and the current address and telephone number of each person.

Exclusion requests must be postmarked by _____, or you will be bound by the Settlement.

**To repeat this message, press or say 1.**

**To return to the main menu, press or say 9.**

**If you would like to know how you can submit a claim on behalf of a deceased Class Member, press or say 6.**

If the person to whom the Notice was sent is deceased, the decedent's estate or heirs may be entitled to receive the settlement payment.  To submit a claim in connection with a deceased class member's claim, the rightful heirs or administrators of the estate must take the following steps:

First, you must fill out the claim form that came with the Notice that you received.

Second, you must provide a copy of the death certificate documenting the class member's death.

Third, you must provide a statement under penalty of perjury that you are the lawful heirs or administrators of the estate, and

Fourth, if an estate has been opened, you must provide documentation of your status as an administrator.

The package containing the claim form, death certificate, statement, and documentation of status as an administrator must be post-marked by _____, 2008 for you to receive money pursuant to this settlement.  If you do not return this information within the required time, you will not receive a settlement payment.

**To repeat this message, press or say 1.**

**To return to the main menu, press or say 9.**


**If you would like to know how you can contact Class Counsel,  press or say 7.**

Please do not call the Court or the Clerk of the Court about this case.

If you have additional questions, you should contact your own attorney or direct your questions to one of the attorneys appointed to represent the class: Peter Chapin.  Mr. Chapin's phone number is:  (202) 659-1200.  Mr. Chapin's address is Sacks & Chapen, 927 15th St., N.W., Ninth Floor, Washington D.C., 20005.

**To repeat this message, press or say 1.**

**To return to the main menu, press or say 9.**


**To provide us with a change of address, press or say 8.**

To notify us of a change of address for future mailings, please send us a notice in writing, with your signature, specifically telling us your full legal name, your FORMER address, and your NEW address.  Please send this address change notice to:  Peter Chapin, Sacks & Chapen, 927 15th St., N.W., Ninth Floor, Washington D.C., 20005.

**To repeat this message, press or say 1.**

**To return to the main menu, press or say 9.**

Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUNICE WELLS, on behalf of herself and All Others Similarly Situated | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ALLSTATE INSURANCE COMPANY, | ) NO. 1:00-CV-00760 (LFO) (DAR) ) |
| and | ) ) |
| ALLSTATE INDEMNITY COMPANY | ) ) |
| Defendants. | ) |

## PLEASE READ THIS NOTICE CAREFULLY. YOU MAY HAVE THE RIGHT TO A PAYMENT OF BETWEEN $150 TO $1,200 AS A RESULT OF THIS LAWSUIT.

**THIS LAWSUIT HAS BEEN CERTIFIED AS A CLASS ACTION. YOU HAVE BEEN IDENTIFIED AS A POSSIBLE MEMBER OF THE CLASS.**

**THE CASE HAS BEEN SETTLED, WHICH MEANS THAT ALLSTATE INSURANCE COMPANY AND ALLSTATE INDEMNITY COMPANY HAVE AGREED TO PAY ITS D.C. POLICYHOLDERS AND BENEFICIARIES OF ITS POLICIES BETWEEN $150 AND $1,200 EACH, IF THEY MEET THE FOLLOWING QUALIFICATIONS:**

**TO BE ELIGIBLE TO RECEIVE THIS PAYMENT:**
**(1)    YOU MUST HAVE BEEN ALLSTATE INSURANCE COMPANY OR ALLSTATE INDEMNITY COMPANY AUTOMOBILE POLICYHOLDER OR BENEFICIARY OF A POLICY WRITTEN BY EITHER OF THESE COMPANIES BETWEEN MARCH 20, 1997, AND JULY 6, 2006, AND;**
**(2)    DURING THAT TIME, YOU MUST HAVE FILED A CLAIM FOR UNINSURED, OR UNDERINSURED MOTORISTS BODILY INJURY DAMAGES AS A RESULT OF AN AUTO ACCIDENT, AND;**
**(3)    YOU MUST HAVE BEEN REPRESENTED BY A LAWYER WHEN YOU MADE THAT CLAIM, ;**
**(4)    YOU MUST HAVE BEEN PAID IN PART OR IN FULL ON THAT CLAIM; AND**

**(5)     YOU MUST FOLLOW THE INSTRUCTIONS BELOW IN SECTION C(1) FOR SUBMITTING A VALID CLAIM FORM AND DECLARATION WITHIN THE REQUIRED TIME PERIOD.**

**THIS NOTICE WILL EXPLAIN THE LAWSUIT, THE SETTLEMENT, AND HOW TO MAKE A CLAIM FOR PAYMENT.**

### A.     The Lawsuit

Eunice Wells, a resident of the District of Columbia, had an automobile liability insurance policy with the Allstate Indemnity Company.  In 1998, Ms. Wells was injured in a "hit and run" motor vehicle accident.  As a result, she made a claim for "uninsured motorist benefits" with Allstate ("Allstate Insurance Company" and "Allstate Indemnity Company" are further referred to in this notice as "Allstate" collectively), under her policy.  In March 2000, Ms. Wells sued Allstate in the Superior Court for the District of Columbia in order to obtain those "uninsured motorist benefits." Allstate denied liability, and removed the case to the United States District Court for the District of Columbia, where it is now pending.

Charles Rawlings is also a resident of the District of Columbia who had an automobile policy with Allstate. After Mr. Rawlings was injured in an automobile accident on October 21, 2000, with a driver whose auto insurance had lapsed, he also made a claim for uninsured motorists benefits with Allstate.  Later, he joined Ms. Wells in this lawsuit, seeking additional payments from Allstate.

Ms. Wells and Mr. Rawlings claim in this lawsuit that Allstate was in violation of the *District of Columbia Consumer Protection Procedures Act* (hereafter abbreviated as *DCCPPA)* as a result of the manner in which Allstate handled their claims.  They allege that Allstate delayed their payments simply because they had hired counsel to represent them.

Allstate denies all of these allegations.  Allstate has defended this case vigorously but both sides want to end the suit now, before trial, recognizing that the lawsuit has costs and risks for both sides if it goes forward.  Settlement is not an admission that by Allstate that it has violated the DCCPPA.

Ms. Wells, Mr. Rawlings, and Allstate have presented a settlement agreement to the Court.  You can get a copy of the full agreement by contacting the lawyer listed below.  To summarize its main provisions, Allstate agrees to set aside up to $800,000 to pay D.C. policyholders who qualify.   The amount you qualify for depends on how long it took for Allstate to make payment to you on your uninsured or  underinsured motorist claim.  Those who waited the longest will receive larger shares of the $800,000, those who waited the least amount of time will receive smaller shares.   Allstate has also agreed to pay Ms. Wells and Mr. Rawlings $10,000.00, each for bringing this lawsuit, and to pay the lawyers for Ms. Wells, Mr. Rawlings and the Class up to $725,000.00, for their attorneys' fees and costs.

The Court has authorized Allstate to send you this Notice of the Settlement so you can make a claim if you want to do so. This notice is also sent to inform you that, if this settlement is approved, at a hearing to be held on _____, 2008, the case will be over, and you will have no further rights to make a claim for payment from Allstate for anything related to the uninsured and underinsured motorist benefits that were the subject of this suit. This NOTICE should not be construed as an expression of any opinion by the Court as to the merits of the claims made by Ms. Wells or Mr. Rawlings or as to the merits of any defenses raised by Allstate. It merely means that the Court has given preliminary approval to the Settlement on the general terms described above.

B.   Class Certification

Allstate's records indicate that you are a possible member of the Class. That means that Allstate's records show that you had an Allstate policy between March, 1997, and July, 2006,  that you made a claim for uninsured motorists or underinsured motorist benefits during that time period, that you were represented by a lawyer, and that your claim was paid by Allstate in part or in full.

Peter A. Chapin of the law firm of Sacks & Chapin, P.C., and David E. Tompkins of the law firm of Lewis & Tompkins, P.C. in the District of Columbia are class counsel. They are working with Thomas J. Minton of the law firm of Goldman & Minton, P.C. in Baltimore, and George W. Croner of the law firm of Kohn, Swift & Graf, P.C. in Philadelphia, in representing the Class. (These lawyers are referred to collectively as "Class Counsel"). As a group, these lawyers have been approved by the Court to represent your interests in this case. They will be paid, if the settlement is approved, by Allstate, in an amount up to $725,000.00. This payment does not come from the $800,000.00, fund Allstate has set aside to pay you and the other class members.

C.   **Your Rights and Options as a Possible Class Member**

1. MAKING A CLAIM:  If you agree that the settlement is fair, and you want to make a claim for a payment of between $150.00, and $1,200.00, you have to fill out the attached form, execute the attached Declaration, and send the documents to the claim center with a postmark before _____.  If you have any questions about the claim form, you can call a toll-free number _____.  Or you can contact the offices of Mr. Chapin, whose contact information appears below. If you fill out the form completely, return within the required time period, and there is no appeal or delay in securing final approval for the Settlement, you should receive a payment by mail by _____, 2008.

2.    OBJECTIONS: You can also object to the settlement, by submitting a written objection, providing the reasons you object, to the Court at the address below. Be sure to indicate on the front of your objection that you are objecting to the settlement in "Wells v. Allstate, no.  1:00 CV 00760 (LFO)(DAR)." You must also

send copies to Mr. Chapin's office.  If you send a written objection to the Court, you may also appear at a hearing on _____, 2008 to explain your objection.  You can appear by yourself, or you can retain a lawyer, but if you retain a lawyer, you will be responsible for his or her fees or expenses.

3. EXCLUSION REQUESTS:  A third option is that you can elect to be excluded from the case.  If you do <u>not</u> make this election, you will be bound by the settlement and entitled to make a claim for money.  If you <u>do</u> elect to be excluded from the class, you will not be bound by any decision regarding the settlement.  You will retain the right to pursue any similar claims you may have against Allstate on your own, at your own expense, but you <u>will not</u> be permitted to make a claim for a payment.  If you wish to be **EXCLUDED** from the Class, you **MUST** send a written request for exclusion, **BY FIRST-CLASS MAIL, TO:**

Peter A. Chapin, Esquire
Sacks & Chapin, P.C.
927 15th St., N.W., Ninth Floor
Washington, D.C. 20005
(202) 659-1200

Your request for exclusion **MUST BE POSTMARKED NO LATER THAN _____, 2008, and must specifically state that you want to be excluded from the Class in this case.**  The request for exclusion must provide the full legal name or names of the Allstate policyholders or beneficiaries who wish to be excluded, and the current address and telephone number of each person.

### D. <u>Other Matters</u>

Please do not call the Court or the Clerk of the Court about this case. You should contact your own attorney or direct your questions to Peter Chapin, Class Counsel, whose address and phone number is show above, or call the toll free number and follow the directions.

The name of this lawsuit is *Eunice Wells v. Allstate Insurance Company,* Civil Action no.: 1:00CV00760 (LFO)(DAR).  Please refer to this case by this full title and case number in any communications with the Court.

This NOTICE is only a summary of this settlement  All pleadings and documents filed in Court (except those documents that may be the subject of a protective order) may be reviewed or copied in the Office of the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.  This is also the address where you should send any objections.   This Notice is sent merely to advise you of the pendency of this settlement and your right to make a claim, object, or exclude yourself.

_____
     Louis F. Oberdorfer
     United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EUNICE WELLS, on behalf of herself and All Others Similarly Situated | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. 1:00-CV-00760 (LFO) (DAR) |
| ALLSTATE INSURANCE COMPANY, | ) ) | |
| and | ) ) | |
| ALLSTATE INDEMNITY COMPANY | ) ) | |
| Defendants. | ) ) | |

## CLAIM FORM

You are receiving this claim form because you are a potential member of the class in the above-captioned case.  You may be entitled to receive a settlement payment between $150 and $1,200 if you follow these three steps:

1.  Return this form to the claims administrator in the enclosed postage-prepaid envelope.

2.  Make certain your address is correct.  If it isn't, place your correct address here:

_____

3.  Confirm your eligibility to receive the settlement payment by reading and signing the enclosed Declaration and returning it to the claims administrator in the enclosed postage pre-paid envelope.

The package containing this form and the attached Declaration must be post-marked by _____, 2008 for you to receive money pursuant to this settlement.  If you do not return a valid claim form, and the attached Declaration, you will not receive a settlement payment.


_____        _____
DATE                            SIGNATURE


                                _____
                                PRINTED NAME OF PERSON WHO SIGNED ABOVE

## ADDITIONAL INFORMATION/RESPONSES TO QUESTIONS

If the person to whom the Notice was sent is deceased, the decedent's estate or heirs may be entitled to receive the settlement payment. To learn how to submit a claim under these circumstances, please call _____ and follow the prompts.

If you have any questions concerning this Claim Form, or any other matters relating to the packet of information you have received, please dial the following toll-free number:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUNICE WELLS, on behalf of herself and All Others Similarly Situated <br><br> Plaintiffs, <br> vs. <br><br> ALLSTATE INSURANCE COMPANY, <br><br> and <br><br> ALLSTATE INDEMNITY COMPANY <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   NO. 1:00-CV-00760 (LFO) (DAR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## <u>DECLARATION</u>

I believe that I was misled regarding Allstate's claims handling practices and that Allstate delayed the handling of the bodily injury portion of my uninsured/underinsured motorist claim because I hired an attorney.  I declare under the penalty of perjury that the foregoing is true and correct.

_____        _____
DATE                                                 SIGNATURE


_____
PRINTED NAME OF PERSON WHO SIGNED ABOVE